UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KHANUM GUKASYAN,

    Plaintiff,

v.

GMAC MORTGAGE, LLC, et al.,

    Defendants.

2:10-CV-674 JCM (RJJ)

**ORDER**

Presently before the court are defendant MortgageIT, Inc.'s ("MortgageIT") motion to dismiss for failure to state a claim (Doc. #5), defendants MTC Financial, Inc. dba Trustee Corp ("MTC") and One West Bank's ("OWB") motion to dismiss for failure to state a claim (Doc. #7), and defendant GMAC Mortgage's ("GMAC") motion to dismiss for failure to state a claim (Doc. #10). Plaintiff filed a timely response to all three motions (Doc. #13). Defendants GMAC and MortgageIT filed timely replies. To date, defendants MTC and OWB have not filed replies.

Plaintiff executed a deed of trust which secured a promissory note and named defendant MortgageIT as the lender, Ticor Title of Nevada, Inc. as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") lender's assigns nominee. On April 2, 2009, a substitution of trustee was executed making defendant MTC substitute trustee. MTC executed a notice of default on April 3, 2009, indicating plaintiff had defaulted on payments due January 1, 2009. Between July 8, 2009, and April 6, 2010, MTC executed three notices of trustee's sale.

Plaintiff filed her complaint on April 26, 2010, in the Eighth Judicial District Court of Nevada alleging wrongful foreclosure because (1) defendants did not follow proper foreclosure

**James C. Mahan**
**U.S. District Judge**

1  procedure; (2) no defendant had authority to foreclose because none held the note and deed of trust;
2  and (3) there was no actual default because plaintiff's payments were not credited and federal
3  bailouts supplemented any missing payments. Plaintiff seeks injunctive and declaratory relief to
4  determine who can enforce the note. Defendants removed the action to this court on May 10, 2010.

5  Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for
6  failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires a plaintiff's
7  complaint be "more than labels and conclusions, and a formulaic recitation of a cause of action's
8  elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

9  In determining whether dismissal is appropriate, the court generally is limited to the contents
10 of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However,
11 the court may consider documents "on which the complaint necessarily relies" without converting
12 the motion to dismiss into a motion for summary judgment. *Marder v. Lopez*, 450 F.3d 445, 448
13 (9th Cir. 2006) Here, plaintiff's complaint relies on the promissory note, deed of trust, notice of
14 default, substitution of trustee, and at least one notice of trustee's sale.

15 The notice of default (Doc. #8, Exh. 3) and notices of trustee's sale (Doc. #8, Exh. 5-7)
16 demonstrate defendants MTC and OWB complied with the foreclosure procedure under N.R.S. §
17 107.080 *et seq*. Defendants properly executed, acknowledged, and recorded all foreclosure
18 documents under § 107.080(3)(a). Although plaintiff claims the notice of default is defective under
19 § 107.080(3)(a) because it did not describe the deficiency in performance, the notice clearly
20 explained plaintiff defaulted by failing to pay the installment due on January 1, 2009. (*See* Doc. #10,
21 Exh. C).

22 Plaintiff next asks the court to declare that a foreclosing entity posses both the note and deed
23 of trust. Contrary to plaintiff's claims, the note and deed of trust were not separated when sold.
24 Page one of the assignment states "the undersigned hereby grants, assigns, and transfers...all
25 beneficial interests under the deed of trust...TOGETHER with the note[.]" (Doc. #8, Exh. 4)
26 (emphasis in original). Both the note and deed of trust therefore remain enforceable by any assignee.
27 Additionally, under Nevada law, a beneficiary, successor in interest of the beneficiary, or the trustee
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  may initiate foreclosure proceedings by recording a notice of default. Nev. Rev. Stat. 107.080(2)(b).
2  Chapter 107 does not require physical possession of the promissory note to foreclose on a property.
3  Plaintiff's claim that none of the defendants had authority to conduct a non-judicial foreclosure is
4  merely a speculative, conclusory statement of fact and law.

5  Plaintiff also makes speculative and conclusory statements that all her payments were not
6  credited to the proper parties and federal bailout money supplemented any missing payments.
7  However, "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in
8  default when the power of sale was exercised." *Collins v. Federal Savings and Loan*, 99 Nev. 284,
9  304 (1983). Plaintiff fails to establish she had not defaulted on the subject loan, while the notice of
10 default demonstrates she had.

11 Further, declaratory relief is only appropriate in cases where an actual controversy exists
12 between the parties. *See* N.R.S. 30.040. Plaintiff cannot prevail on her claim for declaratory and
13 injunctive relief against defendant MortgageIT because there is no case or controversy between
14 plaintiff and MortgageIT. Plaintiff acknowledges that defendant MortgageIT has not held title of
15 the note on the subject property since December 4, 2009, and is not involved in the foreclosure sale.
16 (Pl.'s Compl. at ¶ 11). Plaintiff also identifies MTC and OWB as defendants, but her complaint
17 contains no allegations or supporting facts specific to MTC or OWB. Furthermore, plaintiff fails
18 to establish how, or if, OWB was involved in any of the allegedly invalid foreclosure activities.

19 Similarly, plaintiff makes no cognizable claim against GMAC, which ceased servicing
20 plaintiff's loan on May 4, 2007. On January 1, 2009, well after GMAC stopped servicing the loan,
21 Trustee Corp recorded a notice of default. GMAC is not named in the deed of trust, does not appear
22 in any subsequent non-judicial foreclosure documents, and played absolutely no role in the non-
23 judicial foreclosure. Plaintiff has not alleged any facts that would implicate GMAC as a former
24 servicer of plaintiff's mortgage.

25 Defendant MortgageIT also seeks an award of attorneys' fees. Although plaintiff's claims
26 against MortgageIT are groundless, this court finds they did not rise to the level of harassment that
27 merits an award of attorneys' fees under N.R.S. § 18.010.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant MortgageIT,

3  Inc.'s motion to dismiss for failure to state a claim (Doc. #5) be GRANTED.

4  IT IS FURTHER ORDERED that defendants MTC Financial, Inc. dba Trustee Corp and One

5  West Bank's motion to dismiss for failure to state a claim (Doc. #7) be GRANTED.

6  IT IS FURTHER ORDERED that defendant GMAC Mortgage's motion to dismiss for failure

7  to state a claim (Doc. #10) be GRANTED.

8  DATED July 12, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -