UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KHANUM GUKASYAN,             2:10-CV-674 JCM (RJJ)

        Plaintiff,

v.

GMAC MORTGAGE, LLC, et al.,

        Defendants.

**ORDER**

Presently before the court are three motions to dismiss regarding *Gukasyan v. GMAC Mortgagee, LLC, et al.* (2:10-cv-00674-JCM-RJJ). Each motion and its corresponding documents were originally filed in *Gukasyan v. GMAC Mortgage, LLC et al.* (2:10-cv-01403-JCM-RJJ), which was consolidated with the instant case (doc. #24).

The first motion to dismiss was filed by defendant MortgageIt Inc. (Doc. #7 in 2:10-cv-01403-JCM-RJJ). Defendants GMAC Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc. ("MERS") joined in that motion (doc. #11 in 2:10-cv-01403-JCM-RJJ), and plaintiff responded (doc. #24 in 2:10-cv-01403-JCM-RJJ). This court subsequently dismissed the case as to defendant MERS (doc. #25). Also before the court is defendants Federal Home Loan Mortgage Corporation's ("FHLMC") and OneWest Bank's motion to dismiss. (Doc. #15 in 2:10-cv-01403-JCM-RJJ). The plaintiff responded (doc. #26 in 2:10-cv-01403-JCM-RJJ), and defendants replied (doc. #29 in 2:10-cv-01403-JCM-RJJ). Finally, before the court is defendant MTC Financial Inc.'s motion to dismiss. (Doc. #17 in 2:10-cv-01403-JCM-RJJ). The plaintiff responded (doc. #25 in 2:10-cv-01403-JCM-RJJ), and the defendant replied (doc. #27 in

**James C. Mahan**
**U.S. District Judge**

2:10-cv-01403-JCM-RJJ).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950. In considering the motion, the court may also consider publicly recorded documents so long as their authenticity has not been questioned. *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that consideration of judicially-noticed, extrinsic documents does not convert a motion to dismiss in to a motion for summary judgment).

Here, the complaint alleges five causes of action: (1) wrongful foreclosure against defendants FHLMC, OneWest Bank, and MTC Financial; (2) fraudulent conveyance against defendants FHLMC, OneWest Bank, and MTC Financial; (3) civil conspiracy against defendants FHLMC, OneWest Bank, MTC Financial, MortgageIt, Inc., and GMAC Mortgage, LLC; (4) quiet title against defendants FHLMC, OneWest Bank, MTC Financial, MortgageIt, Inc., and GMAC Mortgage, LLC; and (5) declaratory and injunctive relief against defendants FHLMC, OneWest Bank, MTC Financial, MortgageIt, Inc., and GMAC Mortgage, LLC.

I. **WRONGFUL FORECLOSURE (CLAIM 1) AND QUIET TITLE (CLAIM 4)**

As to the first claim for relief, "[a]n action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal*, 662 P.2d 610, 623 (Nev. 1983). Similarly, as to the fourth claim, "[a] trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 478 (1974).

James C. Mahan
U.S. District Judge

- 2 -

As this court stated in its July 12, 2010, order (doc. #18), the plaintiff has failed to establish that she has not defaulted on the subject loan. Rather, plaintiff alleges that defendants received federal bailout money and other funds that paid off the subject note and that plaintiff's account has not been credited for the funds. (Doc. #1-2, compl., ¶ 58). However, the documents submitted to the plaintiff with the notice of default belie this argument. Specifically, the notice stated that "payment has not been made of: the installment of principal and interest which became due on 01/01/2009 and all subsequent installments of principal and interest, along with late charges, plus foreclosure costs and legal fees." (Doc. #16, p.57, ex. 5). Plaintiff has presented no evidence to the contrary.

Furthermore, plaintiff's allegation that defendants procured the foreclosure fraudulently because the note and deed were separated fails. Again, as this court stated in the July 12, 2010, order (doc. #18), page one of the assignment states "the undersigned hereby grants, assigns, and transfers . . . all beneficial interests under the deed of trust . . . TOGETHER with the note[.]" (Doc. #8, ex. 4) (emphasis in original). Both the note and deed of trust therefore remain enforceable by any assignee. Additionally, under Nevada law, a beneficiary, successor in interest of the beneficiary, or the trustee may initiate foreclosure proceedings by recording a notice of default. NRS 107.080(2)(b). Chapter 107 does not require physical possession of the promissory note to foreclose. Accordingly, defendants FHLMC's, OneWest Bank's, and MTC Financial's motions to dismiss are granted as to claims one and four. Defendants MortgageIt, Inc.'s, and GMAC Mortgage, LLC's motions to dismiss are also granted as to claim four.

**II.   FRAUDULENT CONVEYANCE (CLAIM 2)**

In the second claim for relief, the plaintiff alleges that, as a result of the wrongful foreclosure, the defendants fraudulently conveyed her property. This claim fails because the plaintiff is unable to allege the predicate wrongful foreclosure, as discussed above. Accordingly, defendants FHLMC's, OneWest Bank's, and MTC Financial's motions to dismiss are granted as to claim two.

**III.   CIVIL CONSPIRACY CLAIM (3)**

Conspiracy is defined as an agreement between two or more persons for an unlawful purpose. *Nunnery v. Eighth Judicial Dist. Court ex rel. County of Clark*, 186 P.3d 886, 888 (Nev. 2008). To

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  allege a conspiracy to defraud, a complaint must meet the particularly requirements of Federal Rule
2  of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the
3  conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations
4  of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct.
5  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

6      Here, the complaint fails to allege either wrongful foreclosure or fraudulent conveyance ,
7  resulting in a failure to establish a predicate unlawful purpose as a basis for the alleged conspiracy.
8  Furthermore, the complaint is devoid of any analysis as to which acts performed by which defendants
9  constituted joining the conspiracy. Accordingly, defendants FHLMC's, OneWest Bank's, MTC
10 Financial's, MortgageIt, Inc.'s, and GMAC Mortgage, LLC's motions to dismiss are granted as to
11 claim three.

12 **V.    DECLARATORY AND INJUNCTIVE RELIEF (CLAIM 5)**

13     Declaratory and injunctive relief are remedies. Whereas defendants' motions to dismiss are
14 granted in their entirety, plaintiff is not entitled to such relief at this juncture.

15     Accordingly,

16     IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants MortgageIt,
17 Inc.'s and GMAC Mortgage, LLC's motion to dismiss (doc. #7 in 2:10-cv-01403-JCM-RJJ) is
18 hereby GRANTED. The case is dismissed as to defendants MortgageIt, Inc. and GMAC Mortgage,
19 LLC.

20     IT IS FURTHER ORDERED that defendants Federal Home Loan Mortgage Corporation's
21 and OneWest Bank's motion to dismiss (doc. #15 in 2:10-cv-01403-JCM-RJJ) is hereby
22 GRANTED. The case is dismissed as to defendants Federal Home Loan Mortgage Corporation and
23 OneWest Bank.

24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   IT IS FURTHER ORDERED that defendant MTC Financial, Inc.'s motion to dismiss (doc.
2   #17 in 2:10-cv-01403-JCM-RJJ) is hereby GRANTED. The case is dismissed as to defendant MTC
3   Financial, Inc.

4   DATED November 16, 2010.

                                             _____
                                             **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**